# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MORONDA ROSE | * | |
| | * | |
| v. | * | Civil No. CCB-17-2129 |
| | * | |
| MERCY MEDICAL CENTER, INC. | * | |

## MEMORANDUM

Plaintiff Moronda Rose ("Rose") has brought this *pro se* action against her former employer Mercy Medical Center, Inc. ("Mercy") for employment discrimination. Mercy has filed a motion to dismiss, and Rose has responded to the motion. The motion will be granted.

Rose has not alleged any facts from which it could be inferred that Mercy intentionally violated her rights under the Civil Rights Act of 1964, 42 U.S.C. § 2000e, or the Age Discrimination in Employment Act, 29 U.S.C. § 623, or engaged in retaliation against her. Thus, she must rely upon facts sufficient to support a prima facie case.

The elements of a prima facie case of race or age discrimination are: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010); *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004). Plaintiff has not alleged sufficient facts to establish the third and fourth elements.[1]

---

[1] The complaint also does not allege sufficient facts to support the second element. However, in her opposition Rose states that she received satisfactory performance evaluations and letters of recommendation. In light of plaintiff's *pro se* status, I will assume that these allegations could have been made in an amended complaint.

As to the third element, Rose only received "corrective actions" that did not constitute an "adverse action." *See Wonasue v. Univ. of Md. Alumni Ass'n*, 984 F. Supp. 2d 480, 492 (D. Md. 2013); *Finnegan v. Dep't of Pub. Safety & Corr. Services*, 184 F. Supp. 2d 457, 461 (D. Md. 2002).[2] As to the fourth element, Rose says that a "young white co-worker was sleeping on the job" and was not disciplined, and "white employees openly used their cell phones, . . . [and] young white employees had their hair braided at the main nurses station without consequences." (Compl., ECF No. 1). However, she has not alleged any facts to show that these employees were "similarly situated" to her. She does not claim, for example, that she engaged in similar conduct and received different discipline.

As to her retaliation claim, Rose must show that (1) she engaged in a protected activity; (2) her employer acted adversely against her; and (3) the protected activity was causally related to the adverse action. *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007). Here, assuming without deciding that her internal complaint in January 2016 constituted protected activity, the corrective actions did not rise to the level of adverse actions. *See Bailey v. Ares Group, Inc.*, 803 F.Supp. 2d 349, 357-58 (D. Md. 2011).

---

[2] Plaintiff eventually resigned her employment, and she alleges that this constituted a "constructive discharge." (Pl.'s Opp., ECF No. 9). "A constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces h[er] to quit h[er] job." *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985). Plaintiff has not alleged any facts in her complaint to show that her working conditions at Mercy were "intolerable," nor that there were any conditions that amounted to a hostile work environment for which Mercy was responsible. *Finnegan*, 184 F.Supp. 2d at 462.

A separate order granting defendant's motion to dismiss follows.

Date: October 31, 2017                    _____/S/_____
                                          Catherine C. Blake
                                          United States District Judge